LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

DAVID A. FORKNER
(202) 434-5316
dforkner@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 14, 2020

**VIA ECF**

The Hon. Kenneth M. Karas, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Richardson v. Mars, Incorporated*, Case 7:19-cv-10860-KMK

Dear Judge Karas:

We write on behalf of Mars, Incorporated ("Mars") to request a pre-motion conference to file a motion to dismiss. Plaintiff alleges that, despite being labeled as being made with "vanilla reduced fat ice cream,' "M&M's® bars," are made with "non-vanilla flavors." Dkt. 1 ¶ 67. Plaintiff purports to bring claims for injunctive and monetary relief (1) under New York General Business Law "and Consumer Protection Statutes of Other States and Territories,"; (2) for negligent misrepresentation; (3) for breach of express warranty, Magnusson Moss warranty, and implied warranty of merchantability; (4) for fraud, and (6) for unjust enrichment. *Id.* ¶¶ 134-159. These claims are defective.

***Plaintiff sued the wrong company.*** We have informed Plaintiff's counsel in writing that Mars is the wrong party. "M&M's® bars" are distributed by Mars Wrigley Confectionary LLC ("Mars Wrigley"), as confirmed by the packaging depicted in paragraph 3 of the Complaint. *See id.* ¶ 3 (second photo); 21 C.F.R. § 101(a) ("The label of a food in packaged form shall specify conspicuously the name and place of business of the manufacturer, packer, or distributor."); *2002 Lawrence R. Buchalter AK Tr. v. Phila. Fin. Life Assurance Co.*, 96 F. Supp. 3d 182, 199 (S.D.N.Y. 2015) (Courts disregard allegations that contradict documentary evidence).[1]

---

[1] Plaintiff's counsel has repurposed the same allegations in dozens of vanilla lawsuits, including claims against Mars Wrigley filed in the Eastern District of New York involving Dove Bars® and Dove Bar® Minis. *See Garadi et al v. Mars Wrigley*, 1:19-cv-03209-RJD-ST. Judge Raymond J. Dearie has invited Mars Wrigley file its motion to dismiss. *See* Minute Entry (Jan. 14, 2020).

***Plaintiff's claims are implausible and preempted.*** To be clear, the vanilla flavor added to M&M's® bars is certified *vanilla extract, not "non-vanilla flavors." See* 21 C.F.R. § 169.175 (defining "vanilla extract"). Plaintiff nonetheless seize upon the ingredient list, which identifies vanilla extract as "natural flavor." Dkt. 1 ¶ 68. Plaintiff argues the use of the term "natural flavor" means the vanilla flavoring is not "derived exclusively from vanilla." *Id.* ¶¶ 68-70.[2]

Plaintiff's arguments are implausible and contravene federal labeling regulations. Those regulations not only define vanilla extract, but specify how to declare it in the ingredients list: "Each of the ingredients used in the food *shall be declared on the label* as required by the applicable sections 101 and 130 of this chapter." 21 C.F.R. § 169.175(a)-(c). The referenced sections, in turn, identify vanilla extract as a "natural flavor" and state that manufacturers "*shall declare the flavor in the statement of ingredients in the following way*: . . . "natural flavor . . . may be declared as "*natural flavor*." 21 C.F.R. § 101.22(h)(1); 21 C.F.R. § 101.4(b)(1) ("[F]lavorings . . . shall be declared according to the provisions of § 101.22.): 21 C.F.R. § 101.22(a)(3) (definition of natural flavor); 21 C.F.R. § 182.10 (defining "vanilla" as a natural flavoring). That Mars Wrigley complies with the controlling regulations for identifying vanilla extract cannot plausibly suggest the absence of the ingredient. *See Ashcroft v. Iqbal*, 556 U.S. 662, (2009) ("[T]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Additionally, any attempt to impose different label requirements on Mars contravenes express pre-emption provisions for food labeling. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) ("[I]f a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie.").

***The negligent misrepresentation claims fail.*** <u>First</u>, plaintiff has not pleaded "the defendant owed plaintiff a duty of care due to a special relationship." *Nelson v. MillerCoors, LLP*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 193 (S.D.N.Y. 2016). Plaintiff conclusory alleges that Mars owed plaintiff a duty "based on defendant's position as a trusted entity which has held itself out as having special knowledge in the production, service and/or sale of the product type." Dkt. 1 ¶ 142. But "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015); *Tyman v. Pfizer*, 2017 WL 6988936, at *15 (S.D.N.Y. Dec. 27, 2017); *Kimmell v. Schaefer*, 89 N.Y.2d 257, 265, 675 N.E.2d 450, 454, 652 N.Y.S.2d 715 (1996). <u>Second</u>, the economic loss doctrine precludes plaintiff's claim. *See, e.g.*, *Elkind v. Revlon Consumer Prods., Inc.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015); *Gordon v. Hain Celestial Group, Inc.*, 2017 WL 213815, at *1 (S.D.N.Y. Jan. 18, 2017); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015)

***The express and implied warranty claims fail.*** <u>First</u>, Plaintiff failed to provide the requisite pre-suit notice under New York law. *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018); *In re Frito-Lay N. Am., Inc. v. All Natural Litig.*, 2013 WL 4647512, at *27 (E.D.N.Y. Aug. 29, 2013) (same). <u>Second</u> Plaintiff does not alleged M&M's® bars are not "fit for

---

[2] Plaintiff alleges that product testing "would reveal or reveals the presence of non-vanilla flavors." Dkt. 1 ¶ 77. Plaintiff does not claim testing actually has been performed, and pure speculation about what testing may show is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

human consumption," as required for a breach of implied warranty claim. *See Silva v. Smucker Natural Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015); *Donahue v. Ferolito, Vultaggio & Sons,* 786 N.Y.S.2d 153, 155 (1st Dep't 2004); *Hohn v. S. Shore Serv., Inc.*, 529 N.Y.S.2d 129, 130 (2d Dep't. 1988); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). Third, plaintiff does not allege the requisite privity. *See Landtek Group, Inc. v. N. Am. Specialty Flooring, Inc.*, 2016 WL 11264722, at *35 (E.D.N.Y. 2016) ("The requirement that privity be established is equally applicable to claims based upon express and implied warranty theories.") (citations omitted); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (implied warranty claims require vertical privity).

**The common-law fraud claims fail.** First, Plaintiff has not alleged facts that "give rise to a *strong* inference of fraudulent intent," let alone anything beyond pure speculation. *See Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (A false statement "is not sufficient to establish fraudulent intent, nor is a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits.'"); *In re Lyman Good Dietary Supplements Litig.*, 17 cv 8047 (VEC), 2018 WL 3733949, at *4 (S.D.N.Y. Aug. 6, 2018) (allegations relate only to generalized motives to earn profits and, therefore, are insufficient to state a claim for fraud). Second, plaintiff has not pleaded fraud with particularity.

**The unjust enrichment claims fail.** First, "claims for unjust enrichment will not survive a motion to dismiss where plaintiff fails to explain how the unjust enrichment claim is not merely duplicative of other causes of action." *Nelson v. MillersCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Second, unjust enrichment is "unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010); *Goodrich & Pennington Mortgage Fund, Inc. v. Chase Home Fin., LLC*, 2008 WL 11338041, at *4 (S.D. Cal. Apr. 22, 2008)

**Plaintiff lacks standing to seek injunctive relief.** Plaintiff cannot seek a preliminary or permanent injunction requiring Mars Wrigley to modify the packaging or label of M&M's® bars. Plaintiff fails to allege a likelihood that they will be injured in the future. Rather, Plaintiff admits that (1) plaintiff would only "consider purchasing the Product again if there were assurances that [M&M's® bars] representations were no longer misleading." Dkt. 1 ¶ 125; and (2) Plaintiff is now aware of the alleged misrepresentations and would not purchase the products. Plaintiff thus fails to demonstrate a likelihood of continuing or future injury, which is necessary to confer standing to sue for injunctive relief. *See Nicosia v. Amazon.com, Inc.,* 834 F.3d 220, 239 (2d Cir. 2016); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 (W.D.N.Y. 2018); *Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 WL 5678474-MKB-VMS, at *6 (E.D.N.Y. Sept. 30, 2016) (same).

We appreciate Your Honor's attention to these matters, and remain available should this Court require any additional information regarding this request.

Respectfully submitted,

*/s/ David A. Forkner*

David A. Forkner

cc: All counsel of record via ECF