LAW OFFICES
WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

DAVID A. FORKNER
(202) 434-5316
dforkner@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 17, 2020

**VIA ECF**

The Hon. Philip M. Halpern, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

Re: *Richardson et al. v. Mars Wrigley Confectionary LLC*, Case 7:19-cv-10860-PMH

Dear Judge Halpern:

Pursuant to Rule 2(C) of Your Honor's Individual Practices, we write on behalf of Mars Wrigley Confectionary LLC ("Mars") to request a pre-motion conference to file a motion to dismiss Plaintiffs' Amended Class Action Complaint ("Complaint") (Dkt. 18). While Plaintiffs have now named the correct party, the pleading deficiencies present in their original complaint remain. Mars understands the parties wish to seek a stay of existing deadlines pending the outcome of a private mediation in September. Absent such a stay, motion practice will be necessary.

As background, Plaintiffs allege Mars cannot label "M&M's® bars" as being made with "vanilla reduced fat ice cream," because they do not "contain sufficient flavor from vanilla to characterize it." Dkt. 18 ¶ 88. Plaintiffs purport to bring claims for injunctive and monetary relief on behalf of "all purchasers . . . who reside in New York during the applicable statutes of limitations," *id.* ¶ 144, (1) under New York General Business Law §§ 349 & 350; (2) for negligent misrepresentation; (3) for breach of express warranty, the Magnusson Moss Warranty Act, and implied warranty of merchantability; (4) for fraud; and (5) for unjust enrichment. *Id.* ¶¶ 152-189.

***Plaintiffs' claims are implausible, and preempted.*** The same attorneys who filed Plaintiffs' Complaint have filed over 75 lawsuits alleging claims against manufacturers of vanilla flavored products. These lawsuits allege the "Product is not truthfully or lawfully identified" because the "Product contains non-vanilla flavor" and only "a *de minimis* amount of vanilla." *Id.* ¶¶ 5-6.

These allegations are contrary to law and have been rejected. Judge Louis L. Stanton recently and summarily dismissed identical claims on a motion to dismiss. *See Steele et al. v. Wegman's Food Markets, Inc*., No. 19 CIV. 9227 (LLS), 2020 WL 3975461 (S.D.N.Y. July 14, 2020). Judge Stanton correctly recognized that the plaintiffs had no private right of action to enforce federal regulations, and that as a matter of New York law, the question is: "did the label on the ice cream container misrepresent the container's contents?" *Id.* at *1. Judge Stanton correctly concluded that the answer to that question is "No." *Id.* Similar allegations were also recently rejected on a motion to dismiss by Judge Roger T. Benitez in the Southern District of California. *See Zaback v. Kellogg Sales Co*., 2020 WL 3414656, at *2 (S.D. Cal. June 22, 2020).

All of Plaintiffs' claims against Mars fail for reasons variously recognized by these Courts, including that (1) Plaintiffs misapply federal labeling regulations; (2) Plaintiffs lack a private right of action to enforce federal labeling regulations; (3) Plaintiffs fail to allege plausible claims of deception; (4) Plaintiffs' testing allegations are both speculative and inapplicable; (5) Plaintiffs' theory of liability contravenes federal labeling regulations that not only define vanilla extract, but specify how to declare it in the ingredients list; and (6) any attempt to impose different label requirements on Mars would contravene express pre-emption provisions.

***Plaintiffs' negligent misrepresentation claims fail.*** First, Plaintiffs have not pleaded "the defendant owed Plaintiff[s] a duty of care due to a special relationship." *Nelson v. MillerCoors, LLP*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 193 (S.D.N.Y. 2016). Plaintiffs conclusory allege that Mars owed Plaintiffs a duty "based on

defendant's position as an entity which has held itself out as having special knowledge in the production, service and/or sale of the product type." Dkt. 18 ¶ 167. But "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015); *Tyman v. Pfizer*, 2017 WL 6988936, at *15 (S.D.N.Y. Dec. 27, 2017). *Second*, the economic loss doctrine precludes Plaintiffs' claim. *See, e.g.*, *Elkind v. Revlon Consumer Prods., Inc.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015); *Gordon v. Hain Celestial Group, Inc.*, 2017 WL 213815, at *1 (S.D.N.Y. Jan. 18, 2017).

***Plaintiffs' express and implied warranty claims fail.*** *First*, Plaintiffs failed to provide the requisite pre-suit notice under New York law. *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018); *In re Frito-Lay N. Am., Inc. v. All Natural Litig.*, 2013 WL 4647512, at *27 (E.D.N.Y. Aug. 29, 2013) (same). *Second*, Plaintiffs do not allege that M&M's® bars are not "fit for human consumption," as required for a breach of implied warranty claim. *See Silva v. Smucker Natural Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015); *Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153, 155 (1st Dep't 2004); *Hohn v. S. Shore Serv., Inc.*, 529 N.Y.S.2d 129, 130 (2d Dep't. 1988); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). *Third*, Plaintiffs do not allege the requisite privity. *See Landtek Group, Inc. v. N. Am. Specialty Flooring, Inc.*, 2016 WL 11264722, at *35 (E.D.N.Y. 2016) ("The requirement that privity be established is equally applicable to claims based upon express and implied warranty theories.") (citations omitted); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (implied warranty claims require vertical privity). *Fourth*, Plaintiffs have not pleaded a violation of the MMWA, as the challenged statements are merely a product description, *see, e.g.*, *Chufen Chen v. Dunkin' Brands, Inc.*, No. 17CV3808CBARER, 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 378 (S.D.N.Y.

2014), and are governed by the FDA, *see, e.g.*, *Jasper v. MusclePharm Corp.*, No. 14–02881, 2015 WL 2375945, at *5–6 (D. Colo. April 9, 2015).

***Plaintiffs' common-law fraud claims fail.*** *First*, Plaintiffs have not alleged facts that "give rise to a *strong* inference of fraudulent intent." *See Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (A false statement "is not sufficient to establish fraudulent intent, nor is a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits.'"); *In re Lyman Good Dietary Supplements Litig.*, 17 cv 8047 (VEC), 2018 WL 3733949, at *4 (S.D.N.Y. Aug. 6, 2018) (allegations relate only to generalized motives to earn profits and, therefore, are insufficient to state a claim for fraud). *Second*, Plaintiffs have not pleaded fraud with particularity. *See* Fed R. Civ. P. 9(b).

***Plaintiffs' unjust enrichment claims fail.*** *First*, "claims for unjust enrichment will not survive a motion to dismiss where Plaintiff[s] fails to explain how the unjust enrichment claim is not merely duplicative of other causes of action," which Plaintiffs have not. *Nelson v. MillersCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). *Second*, unjust enrichment is "unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010); *Goodrich & Pennington Mortgage Fund, Inc. v. Chase Home Fin., LLC*, 2008 WL 11338041, at *4 (S.D. Cal. Apr. 22, 2008).

***Plaintiffs lack standing to seek injunctive relief.*** Plaintiffs cannot seek a preliminary or permanent injunction requiring Mars to modify the packaging or label of M&M's® bars, as they have not alleged a likelihood of future harm. Plaintiffs admit that they are now aware of the alleged misrepresentations. *Id.* ¶¶ 127, 143. As the Second Circuit recently held: "past purchasers of a product . . . are not likely to encounter future harm of the kind that makes injunctive relief

appropriate." *Berni v. Barilla S.p.A.*, 2020 WL 3815523, at *5 (2d Cir. July 8, 2020). The Court reasoned that "they will not again be under the illusion" of the alleged deception. Rather, they will purchase the product "with exactly the level of information that they claim they were owed from the beginning." *Id.* at *6. Therefore, injunctive relief will not "improve their position as knowledgeable consumers." *Id; see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 (W.D.N.Y. 2018); *Atik v. Welch Foods, Inc.*, 2016 WL 5678474-MKB-VMS, at *6 (E.D.N.Y. Sept. 30, 2016).

We appreciate Your Honor's attention to these matters.

Regards,

*/s/ David A. Forkner*

David A. Forkner